# Richmond

Allen Taylor Giles v. Jewel Blanks St. John.

March 5, 1962.

Record No. 5363.

Present, All the Justices.

*M. Wallace Moncure, Jr.* (*L. A. Belcher; Elmore & Belcher*, on brief), for the plaintiff in error.

*William Rosenberger, Jr.* (*George F. Abbitt, Jr.*, on brief), for the defendant in error.

Whittle, J., delivered the opinion of the court.

Mrs. St. John filed a motion for judgment against Giles alleging

that she sustained personal injuries when the defendant drove his automobile off the road against a bank while looking back over his shoulder, and as a proximate result of his gross negligence she, while riding as a guest in his automobile, was seriously and permanently injured.

The defendant filed a response denying that he was guilty of gross negligence and the case was tried on the issue as made before the court and jury, resulting in a verdict in favor of Mrs. St. John in the sum of $12,500. A motion to set aside the verdict was overruled and, over the objection and exception of the defendant, judgment was entered thereon. We granted Giles a writ of error.

So far as necessary to the decision of the case, the evidence disclosed that the accident happened on December 5, 1959, between 11:00 and 12:00 p.m. Mrs. St. John was riding in the rear seat of a 1955 Chevrolet automobile operated by Giles on Secondary Highway 762 in Charlotte County. The road, which was dry at the time, is a narrow, winding, dirt and gravel road. The area where the accident occurred is open country where the speed limit is 55 miles per hour, but there are only a few stretches along the highway where one can drive at that speed in safety.

Mrs. St. John testified that just preceding the accident defendant was driving at 45 to 50 miles per hour when he looked back to see if a truck was coming around a curve behind him, at which time he lost control of the car; that the car skidded across the highway and struck the bank on the left hand side of the road and continued down the ditch on the left hand side for about 117 feet where the vehicle stopped with the front end in the ditch and the rear end in the road; that she was thrown to the floor of the automobile, receiving the injuries complained of.

Giles testified that he was driving around 25 miles per hour at the time of the accident; that he had just passed a car which created a cloud of dust, and that this, together with fog that was prevalent at the time, blinded him and he applied his brakes and the car skidded into the ditch; that he only traveled a short distance up the ditch before his car came to rest. He denied that he was driving from 45 to 50 miles per hour at the time, and he also denied that he looked back to see if a vehicle was following him.

The evidence was in direct conflict as to the speed of the car and as to whether or not Giles took his eyes off the road and looked back.

Giles says the questions involved on this appeal are:

1. Whether the court's action in giving Instruction No. 2 emhasized one phase of the evidence and in effect told the jury that the defendant was guilty of gross negligence when that was the issue being submitted to the jury for their determination; and

2. Whether the court's action in refusing Instruction No. G, dealing with the sudden emergency doctrine, was proper, thus depriving defendant of his theory of the case.

Instruction No. 2[1] was objected to by Giles on the grounds:

1. That the instruction gave the jury the impression that the court felt the defendant was driving at from 45 to 50 miles per hour and while so driving he looked back to see if a motor vehicle was following him; and

2. That the instruction in effect told the jury that the defendant was guilty of gross negligence when that was the issue for the jury to decide.

Without doubt, the instruction conveyed to the jury the court's idea as to the cause of the accident. The court said in overruling defendant's motion to strike at the conclusion of plaintiff's evidence: "* * * The testimony of plaintiff is that the defendant was driving between 45 and 50 miles an hour. Her testimony further is that he turned his head to see whether the truck was approaching from the rear, and that being a curvy road, I think is gross negligence unquestionably."

While the hypothetical instruction is adroitly drawn it, without proper qualifying words, in effect told the jury that the defendant took his eyes off the road and looked back while he was driving at 45 to 50 miles an hour and such was gross negligence. Under the conflicting evidence this was an issue for the jury to decide. The instruction as given constitutes reversible error.

 Giles next complains that the court erred in refusing to give

---

[1] The court instructs the jury that if you believe from a preponderance of the evidence that at the time and place that this collision occurred the defendant, Allen Taylor Giles, took his eyes off the road to look back to see whether another vehicle was following him and while driving at a speed of 45 to 50 miles an hour and approaching a curve on a narrow road and in so doing lost control of the vehicle and ran across the road and struck the bank on the left side, [and that] the defendant failed to use slight care under the circumstances so as to show an utter disregard of prudence amounting to complete neglect, then the defendant, Allen Taylor Giles, was guilty of gross negligence and if you believe such gross negligence was a proximate cause of the collision then they should render a verdict in favor of the plaintiff, Jewel Blanks St. John against the defendant, Allen Taylor Giles.

Instruction No. G.[2]. Under the circumstances, this sudden emergency instruction, as submitted, was properly refused. There was no evidence that the defendant drove to the left of the center of the road "in an effort to avoid a collision with an approaching vehicle." According to defendant's testimony he had already passed the approaching vehicle which formed a cloud of dust, and the dust, together with the fog, according to his contention, created an emergency, making it impossible for him to see.

For the reasons stated, the judgment is reversed and the case remanded for a new trial consistent with the views here expressed.

*Reversed and remanded.*

---

[2] The court instructs the jury that if you believe from the evidence in this case that the defendant, Giles, without fault on his part, and in an effort to avoid a collision with an approaching vehicle, drove to the left side of the center of the road because of a sudden emergency created by the approaching vehicle and dust screen caused by it, and that Giles, acted as a person of ordinary prudence might have acted under the same circumstances, then in so doing, Giles was not guilty of any negligence even though his choice of action was not the wisest course and actually caused the accident and injuries to the plaintiff, and you cannot find a verdict in her favor.